**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                    :
                                                    :
DAVID DOTZENROTH, SEQUOIA                           :
AIRCRAFT CONVERSIONS, LLC, CAI                      :    Case No.:
CONSULTING LTD, and CHARLES WILEY                   :
DOTZENROTH,                                         :    Underlying Litigation:
                                                    :
                            Movants,                :    *Wagner Aeronautical, Inc. v.*
                                                    :    *Dotzenroth,* No. 3:21-cv-00994-L-AGS
                                                    :    (S.D. Cal.)
            - against -                             :
                                                    :    District Judge: M. James Lorenz
FORTRESS INVESTMENT GROUP, LLC,                     :
                                                    :    Magistrate Judge: Andrew G. Schopler
                                                    :
                            Respondents.            :
------------------------------------------------------------------x

**MOVANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION**
**TO TRANSFER ENFORCEMENT OF TWO SUBPOENAS ON FORTRESS**
**INVESTMENT GROUP, LLC TO THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

## I.       INTRODUCTION

Movants David Dotzenroth, Sequoia Aircraft Conversions, LLC, CAI Consulting Ltd.,
and Charles Wiley Dotzenroth ("Movants") move for an order transferring enforcement of two
subpoenas issued in the Southern District of California in *Wagner Aeronautical, Inc. v.*
*Dotzenroth*, No. 3:21-cv-00994-L-AGS (the "*Dotzenroth* action") on non-party Respondent
Fortress Investment Group, LLC ("Fortress").  Movants are the defendants in that action, and the
parties have already submitted briefing before the Hon. Andrew G. Schopler in the Southern
District of California, which is attached as exhibits to the Declaration of Kenneth M. Fitzgerald
in support of this motion.  Because Respondent consents to having the Southern District of
California resolve the issues related to both subpoenas, Movants request that this Court transfer
enforcement of the subpoena to the Southern District of California.

## II.   FACTS

### A.   The First Subpoena

Counsel for Plaintiffs in the *Dotzenroth* action and Fortress are the same.  S.D. Cal. Dkts. 8, 11, 12, 125.[1]  On August 2, 2021, counsel for Plaintiffs and Fortress stated that he was authorized to accept service of a subpoena on Fortress.  Fitzgerald Decl. ¶ 2.  On August 31, 2021, Movants served a first subpoena issued in the Southern District of California on Fortress.  *Id*. ¶ 3, Ex. 1 ("First Fortress Subpoena").  Acknowledging Fortress's headquarters in the Southern District of New York,[2] Movants listed the address for compliance in the Southern District of New York.  *See id.* ("Joshua L. Seifert PLLC, 18 West 18th Street, New York NY 10011").  On September 14, 2021, Fortress served responses and objections to the first subpoena.  *Id.* ¶ 4, Ex. 2.  Counsel met and conferred twice in an attempt to resolve the issues related to the subpoena.  *Id.* ¶ 6.

With judicial economy in mind, Movants requested whether Fortress would consent to the Southern District of California's jurisdiction for issues related to the First Fortress Subpoena.  Counsel for plaintiffs and Fortress gave their consent via email on October 13, 2021.  Fitzgerald Decl. ¶ 8, Ex. 5 ("[W]e will consent to having Judge Schopler resolve issues related to the Fortress subpoena.").

The parties submitted briefing in the Southern District of California.  On October 14, 2021, Movants filed their "Motion Under FRCP 45 to Compel Fortress Investment Group, LLC to Produce Subpoenaed Documents."  *Id*. ¶ 9, Ex. 6; S.D. Cal. Dkt. 116.  On November 2, 2021, Respondent filed their "Opposition to Defendants' Motion to Compel Production of Documents."  *Id.*  ¶ 10, Ex. 7; S.D. Cal. Dkt. 126.  On November 9, 2021, Movants replied in support of their motion.  *Id*. ¶ 13, Ex. 9; S.D. Cal. Dkt. 135.

---

[1] All references to "S.D. Cal. Dkt." refer to the *Dotzenroth* action.

[2] Fortress is a private equity investor with its principal place of business in the Southern District of New York.  *See* https://www.fortress.com/about ("headquarters in New York."); *see also* https://www.fortress.com/contact (providing New York office location as 1345 Avenue of the Americas, 46th Floor, New York NY 10105).

**B.      The Second Subpoena**

On September 24, 2021, Movants served a second subpoena issued in the Southern District of California on Fortress. *Id.* ¶ 5, Ex. 3 ("Second Fortress Subpoena"). This subpoena also listed the address for compliance in the Southern District of New York. *See id.* On October 8, 2021, Fortress served its responses and objections to the second subpoena. *Id.* ¶ 7, Ex. 4. On November 4, 2021, Counsel met and conferred in an attempt to resolve the issues related to the second subpoena. *Id.* ¶ 11. On November 8, 2021, Movants filed their "Motion to Compel Fortress Investment Group, LLC to Produce Documents Responsive to Second Subpoena" with a motion hearing date scheduled for December 20, 2021. *Id.* ¶ 12, Ex. 8; S.D. Cal. Dkt. 131.

**C.      Motion Hearing on the First Subpoena**

On November 16, 2021, Judge Schopler held a hearing on the motion to compel the first Fortress subpoena. S.D. Cal. Dkt. 136. Judge Schopler mentioned that while the court was ready to rule on the merits of the briefing, the court was concerned that it may not have the jurisdiction or authority to rule on the motion, pursuant to the framework in Federal Rules of Civil Procedure 45. Fitzgerald Decl. ¶ 14.

The court ordered that the parties notify the court if they believed that the court had jurisdiction or authority to rule on the motion. *Id;* S.D. Cal. Dkt. 136. The parties conferred and notified Judge Schopler that Movants will refile their motions with this Court, and that Fortress agreed to transfer those motion to the Southern District of California pursuant to Rule 45(f). Fitzgerald Decl. ¶ 15; Ex. 10. On November 18, 2021, Judge Schopler denied the motion to enforce Fortress's first subpoena and withdrew the motion to enforce Fortress's second subpoena in light of the parties' notice to refile in the Southern District of New York. S.D. Cal. Dkt. 141.

## III.      DISCUSSION

**A.      Legal Standard**

Rule 45 authorizes a party, at any time, to move to compel a non-party to comply with a subpoena served on that non-party. Fed. R. Civ. P. 45(d)(2)(B)(i) ("At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is

required for an order compelling production or inspection"). Rule 45(f) expressly permits that court to transfer the party's motion to the court that issued the subpoena "if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f).

**B.     This Court Should Transfer Enforcement of Both Subpoenas to the United States District Court for the Southern District of California**

The Court should transfer enforcement of both subpoenas to the Southern District of California because Fortress has agreed to the transfer. Fitzgerald Decl. ¶ 15, Ex. 10.

"Where the person subject to the subpoena consents to transfer, a party seeking transfer need not show – and the Court need not find – extraordinary circumstances under Rule 45(f)." *CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 707 (N.D. Tex. 2017). This is because the "prime concern" of Rule 45 is to "avoid[] burdens on local nonparties subject to subpoenas." Fed. R. Civ. P. 45, Advisory Committee Notes, 2013 Amendment. Because Fortress, the subpoenaed party, has explicitly consented to transfer enforcement of both subpoenas to the Southern District of California, this Court may end its inquiry here and transfer the motions.

In addition to Fortress's consent, the parties have already briefed the issuing court, *see* Fitzgerald Decl. ¶ 9, Ex. 6; *id.* ¶ 10, Ex. 7; *id.* ¶ 12, Ex. 8; *id.* ¶ 13, Ex. 9, and Judge Schopler was ready to rule on the merits of the briefing on the First Fortress Subpoena, *id.* ¶ 14. Judicial economy warrants the transfer of enforcement of both of these subpoenas.

Thus, this Court should transfer enforcement of the First Fortress Subpoena and the Second Fortress Subpoena to the court which issued them, the United States District Court for the Southern District of California.

## IV.     CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court transfer enforcement of the two subpoenas served on Fortress to the United States District Court for the Southern District of California.

Dated: November 24, 2021
      New York, New York

JOSHUA L. SEIFERT PLLC

By: /s/ Joshua L. Seifert
Joshua L. Seifert, Esq.
18 West 18th Street
New York, New York 10011
646-470-2647
jseifert@seifertpllc.com