UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID DOTZENROTH, SEQUOIA AIRCRAFT CONVERSIONS, LLC, CAI CONSULTING LTD., and CHARLES WILEY DOTZENROTH,<br>　　　　　　　　　Movants,<br><br>　　　　v.<br><br>FORTRESS INVESTMENT GROUP, LLC,<br>　　　　　　　　　Respondent. | Case No. 1:21-mc-00832 |

**FORTRESS INVESTMENT GROUP, LLC'S RESPONSE TO MOVANTS' MOTION TO TRANSFER ENFORCEMENT OF TWO SUBPOENAS TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

Fortress Investment Group, LLC ("Fortress") does not oppose Movants' request that the Southern District of California resolve disputes arising from two subpoenas that Movants issued to Fortress. Movants' "Motion To Transfer," however, appears to be procedurally improper. Rule 45 of the Federal Rules of Civil Procedure requires a party seeking to enforce compliance with a subpoena to file a motion to compel in the district where compliance with the subpoena is required – here, the Southern District of New York. Once a motion to compel is filed, the court may transfer that motion to the court that issued the subpoena. Here, however, Movants have not filed a motion to compel in this Court; their freestanding Motion To Transfer may not be cognizable under Rule 45.

## BACKGROUND

In May 2021, William Tarpley, William Wagner, Mammoth Freighters LLC, and Wagner Aeronautical, Inc. (the "Mammoth Plaintiffs") sued Movants David Dotzenroth; Sequoia Aircraft Conversions, LLC; CAI Consulting Ltd.; and Charles Wiley Dotzenroth in the Southern District

of California for trade-secret misappropriation, among other claims. Compl., *Wagner Aeronautical, Inc. v. Dotzenroth*, No. 3:21-cv-00994, Dkt. 1 (S.D. Cal. May 25, 2021).[1] Specifically, the Mammoth Plaintiffs allege that Movants misappropriated a business plan and other trade secrets relating to a program to convert passenger jets into cargo freighters by using the Mammoth Plaintiffs' trade secrets to launch a competing conversion program.

Respondent Fortress Investment Group, LLC is an investment manager that deploys assets across a range of credit, real estate, private equity, and permanent capital investments. Declaration of Jonathan Atkeson ¶2 (Nov. 2, 2021), Dkt. 3-7 (PDF p. 142). Fortress provided funding for the Mammoth Plaintiffs' conversion program. *Id.* ¶7, Dkt. 3-7 (PDF p. 143). Fortress is not, and has never been, a party to the trade-secret lawsuit pending in the Southern District of California.

Movants served Fortress with two subpoenas for production of documents, the first on August 31, 2021, and the second on September 24, 2021. Dkt. 3-1; Dkt. 3-3. Both subpoenas specified New York as the place of compliance. Dkt. 3-1; Dkt. 3-3. On October 14, 2021, Movants filed in the Southern District of California a motion to compel compliance with the first Fortress subpoena. S.D. Cal. Dkt. 116. That motion was fully briefed as of November 9, 2021. S.D. Cal. Dkt. 135. On November 8, 2021, Movants filed in the Southern District of California a motion to compel compliance with the second Fortress subpoena. S.D. Cal. Dkt. 131.

On November 16, 2021, the California district court held a hearing on Movants' first motion to compel. During that hearing, the court expressed concern that it lacked authority to consider the motion under Rule 45. *See* Dkt. 2 at 3. Although Fortress had consented to the California district court resolving the disputes about the subpoena, Dkt. 3-5 at 1, the court

---

[1] References to the docket for the Southern District of California action are hereafter abbreviated "S.D. Cal. Dkt." References to the docket in the current action to transfer enforcement of two subpoenas are abbreviated "Dkt."

2

explained that Movants were required to file their motion in "the court for the district where compliance is required," not in the issuing court, Fed. R. Civ. P. 45(d)(2)(B)(i); *see* Fed. R. Civ. P. 45(f) (providing that the district court where compliance with a subpoena is required "may transfer a motion under this rule to the issuing court" in certain circumstances).  Only then could the motion be transferred to California.  The court instructed Movants and Fortress to confer and inform the court whether they require another hearing on the motion to compel.  S.D. Cal. Dkt. 136.

Following the November 16 hearing, Fortress informed Movants that it would consent to transfer under Rule 45(f) of Movants' motions to compel.  *See* Dkt. 3 ¶ 15; Dkt. 3-10.  Movants and Fortress notified the California district court that Movants would refile their motions in the Southern District of New York and that Fortress would consent to transfer of those motions.  Dkt. 3-10.  The California court then denied without prejudice the motion to enforce the first Fortress subpoena and deemed the second motion to compel withdrawn.  S.D. Cal. Dkt. 141.

## DISCUSSION

Movants' freestanding "Motion To Transfer Enforcement" of the subpoenas to the Southern District of California appears to be procedurally improper.  Under Federal Rule of Civil Procedure 45(d)(2)(B)(i), a party seeking to enforce a subpoena "may move the court for the district where compliance is required ***for an order compelling production or inspection***."  Fed. R. Civ. P. 45(d)(2)(B)(i) (emphasis added).  Under Rule 45(f), the court may then "transfer a ***motion under this rule***" – *i.e.*, a motion to compel under Rule 45(d)(2)(B)(i) – "to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances."  Fed. R. Civ. P. 45(f) (emphasis added).  Thus, transfer under Rule 45(f) requires an antecedent motion to compel.  *See United States ex rel. Ortiz v. Mount Sinai Hosp.*, 169 F. Supp. 3d 538, 543 (S.D.N.Y.

2016) (noting Rule 45 requires a motion to compel that the court "may **then**" transfer to issuing court (emphasis added)).[2]

Here, Movants do not appear to have filed in this Court a motion "for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). Their motion to transfer does not request that relief. *See* Dkt. 2 at 4. Nor does it describe the disputed issues or otherwise argue the merits of Fortress's objections to the subpoenas. *See generally* Dkt. 2. Movants did attach as exhibits the motions to compel and accompanying briefing that were previously filed in California. *See* Dkt. 3 ¶¶ 9, 10, 12, 13; Dkts. 3-6 to 3-9. But those attachments do not qualify as a "motion under this rule" – that is, Rule 45(f) – that can be transferred to the Southern District of California. Movants did not even incorporate those attachments by reference. In short, there may be nothing to transfer.

However, to the extent this Court concludes the attachments to Movants' motion permit transfer of this proceeding to the Southern District of California under Rule 45(f), Fortress consents to the Southern District of California resolving any motion to compel related to the first and second Fortress subpoenas. Attached as Exhibit A to the Declaration of Jonathan Barbee is Fortress's opposition to Movants' first motion to compel and supporting documents. Attached as Exhibit B to the Declaration of Jonathan Barbee is Fortress's opposition to Movants' second

---

[2] Motions to transfer under Rule 45(f) are not unusual. But they are filed **with** or **after** the motion to compel that initiates the subpoena-enforcement proceeding in the district where compliance is required. *See, e.g.*, *Google LLC v. Fortress Inv. Grp. LLC*, No. 20-mc-132, 2020 WL 1304039, at *1 (S.D.N.Y. Mar. 18, 2020) (motion to transfer followed motion to compel); *Hybrid Athletics, LLC v. Hylete, LLC*, No. 17-cv-1767, 2019 WL 4127377, at *3-4 (D. Conn. Aug. 30, 2019) (motion to transfer followed motions to quash subpoena); *City of Almaty v. Ablyazov*, No. 15-cv-5345, 2018 WL 11270080, at *1 (S.D.N.Y. July 23, 2018) (party filed motion to compel while simultaneously seeking transfer of that motion to the issuing court); *Cadence Pharms., Inc. v. Multisorb Techs., Inc.*, No. 16-mc-22, 2016 WL 4267567, at *2 (W.D.N.Y. Aug. 15, 2016) (motion to transfer followed motion to compel).

motion to compel and supporting documents. Fortress incorporates by reference both Exhibit A and Exhibit B as if set forth fully herein.

## CONCLUSION

If the Court finds the Motion To Transfer to be procedurally proper, Fortress consents to transfer to the U.S. District Court for the Southern District of California under Rule 45(f).

Dated:  December 8, 2021                     Respectfully submitted,

/s/ Steven F. Molo
Steven F. Molo
Jonathan E. Barbee
**MOLOLAMKEN LLP**
430 Park Avenue
New York, NY 10022
(212) 607-8170
smolo@mololamken.com
jbarbee@mololamken.com

*Attorneys for Fortress Investment Group, LLC*

## **CERTIFICATE OF SERVICE**

I certify that today, December 8, 2021, I caused the foregoing document to be electronically filed with the Clerk of the Court for the U.S. District Court for the Southern District of New York using the CM/ECF system. All participants in Case No. 1:21-mc-00832 are registered CM/ECF users and will be served by the CM/ECF system.

| | |
|---|---|
| December 8, 2021 | /s/ Jonathan E. Barbee |
| | Jonathan E. Barbee |